## SUPREME COURT.

### JACOB SHALL agt. HERKIMER GREEN.

In an action before a justice of the peace for trespass on land, the plaintiff, in his
complaint, described his entire farm of seventy acres by metes and bounds, and
alleged the trespasses to have been committed thereon, and claimed damages in gross
"for the several aforesaid trespasses and grievances;" and the defendant interposed a
general denial, and then set up a separate defense, alleging title in himself to a certain
portion of the premises, describing it by metes and bounds, and alleged that "some
or one" of the alleged trespasses were committed on that piece of land. The jus-
tice discontinued the whole action; and on the trial in the supreme court, no evi-
dence was given of any trespass on this particular piece of land, and no question
of title was raised by the proofs, and it was found that the trespasses were com-
mitted on the plaintiff's land, as to which there was no question of title, and the
damages awarded amounted to some $26:

*Held*, that the defendant was entitled to *costs.* (*See Hall* agt. *Hodskins*, 30 *How.* 15.)

*Syracuse Special Term, April*, 1857.
MOTION to set aside judgment.

GEORGE A. HARDIN, *for plaintiff.*
D. PRATT & S. H. DE CAMP, *for defendant.*

Shall agt. Green.

BACON, J.  I think costs were properly taxed in this case for the defendant.  In the complaint before the justice, the plaintiff described his entire farm of seventy acres by metes and bounds, and alleged the trespasses to have been committed thereon, without any definite locality, and claimed damages in gross for "the several aforesaid trespasses and grievances." The defendant interposed a general denial, and then set up a separate defense, alleging title in himself to a certain portion of the premises, describing it minutely by metes and bounds, and alleged that "some or one" of the alleged trespasses were committed on that piece of land of which he was the owner.  The justice thereupon discontinued the whole action: and on the trial in the supreme court, no evidence was given of any trespass on this particular piece of land, and no question of title was raised by the proofs, and it was found that the trespasses were committed on the plaintiff's land, as to which there was no question of title, and some $26 damages were awarded to him.

The 62d section of the Code seems to me clearly to provide for this case.  The answer of the defendant limited his defense as to some or one of the causes of action to the precise *locus in quo* described by him.  If the plaintiff had not expected to recover for any trespass on this land (as it would seem from the result he did not), the action as to this special defense should have been discontinued, leaving the plaintiff to commence another action therefor in the supreme court, if he chose; and as to the other causes of action, the proceedings should have been continued before the justice.  This seems to me to be the precise object of the section, and it thus protects both parties, and leaves the plaintiff to recover, when he has that right, in his own forum, and at the smallest expense.  If, however, he choses to put in issue the defense interposed by the defendant, and which for his own protection he was bound to set up, he does it at the peril of the costs, in case he fails on this issue, or does not recover enough damages for the trespasses as to which he was entitled to

recover, to carry costs. That was this case, and the result entitled the defendant to his costs.

The principle on which the court proceeded in *Hall* agt. *Hodskins* (30 *How.* 15), covers this case. There the plaintiff complained for trespasses on his farm between certain days. The defendant answered that, as to all the acts of entering and breaking the close, &c., the same were done in a certain road which the defendant had a right to use, and there was a general denial, &c. The suit was discontinued, and the action commenced in the supreme court, and came on for trial at the circuit, when, after defendant had given some evidence as to there being a road laid out across the plaintiff's close, the plaintiff's counsel announced that he would claim no damages for any trespasses on the alleged road, but only for trespasses committed outside of the road, and the plaintiff accordingly had a verdict for $1.56. Upon this, a motion was made at special term, by the defendant, for costs against the plaintiff (deducting the amount of the verdict), and it was granted. On appeal to the general term the order was reversed, and the plaintiff was declared entitled to costs.

But in looking at the opinion of the court, it will be found that the decision proceeded upon the ground that the plea of title was *a full answer to the whole complaint*. The cause of action alleged in the complaint was breaking and entering the close of the plaintiff, and the entry, which was the entire gravamen (the other alleged acts being merely matters of aggravation), was wholly justified under an alleged right of way. Now, in that case, the defendant might have justified as to the alleged trespasses committed on certain days, and put in a different defense as to those committed on other days; or he might have described the alleged road by metes and bounds, or in some other way given it a definite locality; and as to entries thereon, pleaded a right of way; and as to other alleged trespasses, a general denial, or any other defense. The court say that the defendant, by his answer, justified the acts of entering the plaintiff's close, and that it

went to the plaintiff's *entire right of recovery.* "The defend·
ant had it in his power," the court say, "to limit his justifi-
cation to such acts of entry upon the *locus in quo* as were
protected by his right of way. If, therefore, he wished to
defend under his right of way, he should have described the
way, and set up his right in justification of his acts in pass-
ing and re-passing over that portion of the *locus in quo.*" That·
is precisely what the defendant did in this case. H⁊ made
the distinct issue as to alleged trespasses on the premises·
described by him, with a minuteness that apprised the other
party of the precise locality, and thus tendered the plaintiff
a distinct issue as to the limit of his justification; and this
left the trespasses on all other parts of the plaintiff's close
within the jurisdiction of the justice, and triable by him.

The case of *Burhans* agt. *Tibbits* (7 *How.* 74), holds that
the judgment which, under section 61 of the Code, entitles
the plaintiff to costs, is one *in hostility* to the title set up by·
defendant. This is not that case, and the defendant is there-
fore entitled to costs.

As the question is one not heretofore precisely determined,
and is very properly made, I deny the motion to set aside the
judgment, without costs to either party.